UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TD BANK, N.A. f/k/a TD Banknorth, N.A.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ISABELLE RANKIN and WILLIAM RANKIN,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NOW COMES Plaintiff, TD Bank, N.A. f/k/a TD Banknorth, N.A., by and through its undersigned counsel, Duane Morris LLP, for its Complaint against Defendants, Isabelle Rankin and William Rankin, respectfully shows:

## THE PARTIES

1.　　TD Bank, N.A. ("TD Bank"), is a national banking association created and existing under the laws of the United States of America. TD Bank's main office, as set forth in its articles of association, is located in Wilmington, Delaware. It has its headquarters and main operation in Cherry Hill, New Jersey.   It is therefore, a citizen of Delaware.

2.　　Isabelle Rankin and William Rankin, (the "Rankins"), are citizens of the state of Maine whose last known mailing address is 15 Ricker Road, Saco, Maine, 04072.

## JURISDICTION, VENUE AND VICINAGE

3.　　The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 by virtue of complete diversity of citizenship, insofar as TD Bank was, and is at the time of the filing of the Complaint, a citizen of the State of Delaware, the Rankins were, and at the time of the filing of the Complaint, are citizens of the state of Maine, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims stated in this Complaint occurred in this district.

5. Pursuant to Rule 3(b), Local Rules of the United States District Court for the District of Maine, this matter should be assigned to the Portland Vicinage insofar as the property which is the subject of this action is located in Oxford County.

## COUNT I – FORECLOSURE BY CIVIL ACTION

6. The Rankins are the owners of the real property located at 6 Hampshire Street, Hiram, County of Oxford, State of Maine, 04041-3111 (the "Property") by virtue of a deed (the "Deed") from Wilbur F. Hammond, dated July 25, 1978 and recorded in the Oxford County Registry of Deeds on August 8, 1978 in Book 236, Page 259. A copy of the Deed is attached hereto as Exhibit A.

7. On February 2, 2006 the Rankins executed and delivered to TD Bank a certain home equity line of credit agreement with a limit of $100,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit B.

8. To secure the Note, Defendant, Isabelle Rankin, executed and delivered to TD Bank an open-end mortgage dated February 2, 2006 and recorded in the Oxford County Registry of Deeds in Book 510, Page 630 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit C.

9. Effective May 31, 2008, TD Banknorth, National Association, changed its name to TD Bank, National Association.

10. TD Bank is the holder of the Note and Mortgage.

11. TD Bank is the owner of the Note.

12. The Rankins are in default of the Note, having failed to make the monthly payment due April 9, 2016, and having failed to make all payments due thereafter. As a result, a condition of the Mortgage has been breached.

13. In compliance with the Note and Mortgage and/or 14 M.R.S.A. § 6111, on January 6, 2017, TD Bank, N.A. caused to be sent a Notice of Right to Cure to Defendants by certified mailing (the "Default Letter"). A copy of the Default Letter is attached hereto and made a part hereof as Exhibit D.

14. Defendants have failed to cure the default. In accordance with the Mortgage, and by reference the Note, TD Bank has declared the entire indebtedness presently due and payable.

15. In order to protect its security interest, TD Bank likely will be further compelled during the pendency of this action to advance payments for tax, water and sewer assessments, insurance premiums, and other charges affecting the Property, or some part thereof, and TD Bank requests that any such sum or sums to be paid be added to the Note and be deemed secured by the Mortgage and be further deemed a valid lien on the Property.

16. By virtue of the Rankins' breach of the terms of the Note and Mortgage, TD Bank, is entitled to: (i) judgment in its favor and against the Rankins in the amount of $101,459.31, together with interest from October 31, 2016, at the rate of $8.1013208 per diem to the date of judgment, and other costs and charges collectible under the mortgage; (ii) an order setting the priority of the liens, in accordance with the allegations set forth above; (iii) a Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service; and (iv) an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90 day period of redemption.

WHEREFORE, Plaintiff, TD Bank prays that this Honorable Court:

A.  Enter an order that forever bars and forecloses all rights, claims, liens and any equity of redemption in the Property of the Rankins, and every person whose conveyance or encumbrance is subsequent or subsequently recorded after the filing of a copy of the Complaint instituting this action in the Oxford County Registry of Deeds.

B.  Enter an order setting the priority of the parties and amounts due such parties, in accordance with the allegations set forth in the Complaint;

C.  Enter judgment in favor of TD Bank and against the Rankins in the amount of $101,459.31, together with interest from October 31, 2016, at the rate of $8.1013208 per diem to the date of judgment, and other costs and charges collectible under the Note and Mortgage;

D.  Enter Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service;

E.  Enter an Order against the Rankins allowing TD Bank to be paid the amount adjudged to be due TD Bank, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale;

F.  Enter an Order that the Rankins are liable for any deficiency balance remaining due TD Bank after the sale of the Property and application of the proceeds of the sale;

G.  Enter an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90-day period of redemption.

H.  Grant TD Bank such other relief as the Court may determine to be just and equitable.

Dated: April 6, 2017

                Respectfully submitted,

                DUANE MORRIS LLP

                /s/ Brett L. Messinger
                By:   Brett L. Messinger
                       Andrea T. Holbrook
                2 Monument Square, Suite 505
                Portland, Maine 04101
                blmessinger@duanemorris.com
                atholbrook@duanemorris.com
                (215) 979-1508/1677
                Attorneys for Plaintiff