UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TD BANK, N.A., f/k/a | ) | |
| TD Banknorth, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17-cv-00127-JAW |
| | ) | |
| ISABELLE RANKIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On April 7, 2017, TD Bank, N.A. (TD Bank) filed a complaint with this Court, alleging that Isabelle Rankin and William Rankin (Rankins) of Saco, Maine were in default on a loan secured by real property located in Oxford, Maine and seeking a declaration that the Rankins were in default on their promissory note in favor of TD Bank, a determination of the amount owing under that note, and a foreclosure of the security underlying TD Bank's mortgage. *Compl.* (ECF No. 1). TD Bank duly served both Isabelle and William Rankin with a summons and a copy of the Complaint on April 28, 2017, and filed the executed summonses with this Court on May 3, 2017. *Summons in a Civ. Action* (ECF Nos. 7, 8). Neither Isabelle nor William Rankin has appeared to defend against TD Bank's civil action. On May 26, 2017, TD Bank moved the Clerk of Court to enter default against the Rankins, *Req. to Clerk to Enter Default against Defs. Isabelle and William Rankin* (ECF No. 9), and on the same day, the

Clerk duly entered a default against Isabelle and William Rankin. *Order Granting Mot. for Entry of Default* (ECF No. 10).

On June 26, 2017, with its motion for default judgment, TD Bank filed an extensive memorandum, arguing that it is entitled to a default judgment against the Rankins. *Pl. T.D. Bank, N.A.'s Mot. for Default J.* (ECF No. 11) (*TD Bank Default Mot.*). In the memorandum, TD Bank claimed that it is entitled to a default judgment without a hearing because the Rankins have been defaulted. *Id.* at 4–11. TD Bank first recited general law that applies when a defendant has been defaulted and contends that "[i]f a defendant against whom default is entered has failed to appear, no notice to that party is required prior to the entry of default judgment." *Id.* at 4–7 (citing *Scarcelli v. Gleichman*, No. 2:12-cv-72-GZS, 2012 U.S. Dist. LEXIS 75516, at *2–3 (D. Me. May 31, 2012); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 64 (1st Cir. 2002); *Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc. (In re The Home Rests., Inc.)*, 285 F.3d 111, 114 (1st Cir. 2002); *BMG Music v. Marsters*, 616 F. Supp. 2d 151, 153 (D. Me. 2009); *Elektra Entertainment Group, Inc. v. Carter*, 618 F. Supp. 2d 89, 92 (D. Me. 2009)).

The Court disagrees. First, none of the cases TD Bank cited for the proposition that no hearing is required on a motion for default judgment in a foreclosure case is a foreclosure case. *Scarcelli* was a complaint for declaratory judgment and other equitable relief, *Ortiz-Gonzalez*, a copyright infringement case, *Home Restaurants*, a bankruptcy appeal, *Marsters*, another copyright infringement case, and *Carter*, yet another copyright infringement case. None of these cases is applicable to whether a

2

mortgagee who is seeking to foreclose a mortgage under Maine law is allowed to forego a hearing in a motion for default judgment.

In Maine, "foreclosure is a creature of statute." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 8, 96 A.3d 700, 708.  To foreclose the Rankins' real property, TD Bank elected to proceed under 14 M.R.S. §§ 6321, *et seq.* and therefore "must comply strictly with all steps required by statute." *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (quoting *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508).  One statutory requirement is that the court hold a "hearing" to determine whether there has been a breach of condition in the mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings.[1]  14 M.R.S. § 6322.

To obtain a default judgment, TD Bank filed its motion under Federal Rule of Civil Procedure 55.  *TD Bank Default Mot.* at 4.  Rule 55 differentiates between defaults for a sum certain, FED. R. CIV. P. 55(b)(1), and defaults for other types of relief.  *Id.* 55(b)(2).  In its motion, TD Bank acknowledged that it is proceeding under Rule 55(b)(2).  *TD Bank Default Mot.* at 4.  Like 14 M.R.S. § 6322, Rule 55(b)(2) refers to a hearing to determine damages.  FED. R. CIV. P. 55(b)(2).  Specifically, Rule 55(b)(2) provides that a court "may conduct hearings or make referrals . . . when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine

---

[1]      The hearing requirement in 14 M.R.S. § 6322 may be procedural, not substantive, and therefore not binding on this Court.  The Court does not express an opinion on this issue and recites the state statutory hearing requirement as a factor in its discretionary decision to require a hearing under Rule 55(b)(2).

the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.*

Although whether to hold a Rule 55(b)(2) hearing is discretionary with the trial court, the First Circuit has generally encouraged district courts to hold a such a hearing. In *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003), the First Circuit reversed a district court's conclusion that it could rely on the contents of a verified complaint in assessing damages in a case where the defendant had been defaulted. *Id.* at 18. The First Circuit quoted the Second Circuit with approval when the Second Circuit wrote that "[w]hile the District Court may not have been obligated to hold an evidentiary hearing, it could not just accept [plaintiff's] statement of the damages." *Id.* (quoting *Transatl. Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). The *KPS* Court quoted another Second Circuit case, *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974), as stating that "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is . . . susceptible of mathematical computation." *KPS*, 318 F.3d at 19. At the same time, the First Circuit recently reiterated that a trial court may forego a hearing when "the judgment amount involves nothing more than arithmetic." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 436 (1st Cir. 2015) (quoting *HMG Prop. Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988)).

In *KPS*, the First Circuit wrote that it has "permitted district courts to dispense with a Rule 55(b)(2) hearing" in unliquidated claims, but only "[i]n limited

4

circumstances." 318 F.3d at 21. It noted that it had affirmed a damage award in a case where the district court was "intimately familiar with the case from years of travail" and where the district court "forwent a hearing and calculated damages from 'mortgage and loan agreements, certifications by the taxing authorities, and other documents of record.'" *Id.* at 21 (quoting *HMG*, 847 F.2d at 919).

From this Court's perspective, acting in its discretion, a foreclosure complaint is not the type of civil action that typically should be resolved without a formal hearing and notice to the defaulted and interested parties. In fact, in other foreclosure cases, the Court has required the mortgagee to give notice of the time, date and place of the hearing to the defaulted parties, and it has required the mortgagee to appear at a hearing and present evidence from which the Court could determine whether it is entitled to the relief requested. *See United States v. Spencer*, Civil No. 1:17-cv-00005-JAW, *Order on Pls.' Mots. for Default J.* (ECF No. 20) (D. Me. Apr. 10, 2017); *Nationstar v. Saunders*, Civil No. 16-cv-00426, *Order on Pl.'s Mot. for Default J.* (ECF No. 18) (D. Me. Apr. 4, 2017).

A foreclosure action is serious business. As a foreclosure action involves title to real estate, it is vital that title to the mortgaged property is transferred cleanly to the mortgagee so that the mortgagee may in turn transfer the property unencumbered by flaw to the next purchaser, that the mortgagors are truly in default, that if the mortgagors are going to lose their legal interest in their own property, often a residence, that the mortgagee is legally entitled to foreclose the property and that the mortgagors' interests have been properly addressed, that the notice to cure

default has been given to the mortgagors of a residential property as required by Maine law, 14 M.R.S. § 6111, that any interested parties as defined by Maine law, 14 M.R.S. § 6321, have been duly notified and that their interests have been properly resolved, that if there are interested parties, the priority order of their interests is correctly determined, that the amount of the default judgment has been calculated accurately, especially if the mortgagee is seeking a potential deficiency judgment, 14 M.R.S. § 6323(1), that the public utility easements, if any, have been properly accounted for, that the applicable statutory and procedural periods of time have been strictly observed, and that the amount of attorney's fees and costs, if any, have been properly assessed and approved.

TD Bank cited no case and the Court is aware of none, where a mortgagee has proceeded to judgment without the "hearing" that 14 M.R.S. § 6321 requires and that Rule 55(b)(2) suggests, or, put another way, where a motion for default judgment without a hearing has satisfied the hearing requirements of the state statute and the hearing preference of the federal rule.

Regarding its motion for default judgment, if it wishes to do so, TD Bank may proceed with a hearing on its motion for default judgment.  If TD Bank elects to proceed with a hearing in court, the Court will require TD Bank to provide notice to Isabelle Rankin and William Rankin as well as any other interested parties of the date, time, and place of the hearing to allow them to appear, if they wish to do so, and contest TD Bank's claimed relief.

Finally, at the hearing, TD Bank will be given an opportunity to explain whether certain other requirements of Maine's foreclosure statute have been complied with and, if not, what effect the omissions have on TD Bank's right to proceed with the foreclosure. First, Maine law requires that the "complaint must . . . describe the mortgaged premises intelligibly, including the street address of the mortgaged premises, if any, which must be prominently stated on the first page of the complaint . . . ." 14 M.R.S. § 6321. Here, the street address of the mortgaged property does not appear until the second page of the Complaint. *Compl.* at 1–2. Second, Maine law requires that the "complaint must . . . state the amount due on the mortgage . . . ." 14 M.R.S. § 6321. Here, the only figure in the complaint is the judgment sought, with no prior explanation of the amount due, or a breakdown of that figure into principal, interest, or other fees. *Compl.* at 3. Third, a mortgagee that has been merged since the original mortgage is generally required to provide evidence that it is the legal successor to the financial institution whose name appears on the original mortgage. Here, other than alleging that TD Bank is the successor to TD Banknorth, *Compl.* at 2, there are no documents that confirm this allegation. Fourth, Maine law requires that the mortgagee must "within 60 days of commencing the foreclosure also record a copy of the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds in which the mortgage deed is or by law ought to be recorded." 14 M.R.S. § 6321. There is no indication in the Complaint that TD Bank complied with this part of Maine's foreclosure law.

The Court will DEFER ruling on TD Bank's Motion for Default Judgment (ECF No. 11) for two weeks to give TD Bank an opportunity to determine how it wishes to proceed.  If TD Bank does not respond within two weeks, the Court will dismiss the motion for default judgment without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2017